# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. RAMON COLON-CRESPO (18) *Defendant.* | Crim. No. 24-00151-18 (MAJ) |

## OPINION AND ORDER

### I.  Background

On February 11, 2025, Ramón Colón-Crespo ("Mr. Colón-Crespo" or "Defendant") plead guilty to Conspiracy to possess with intent to distribute controlled substances and distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. (**ECF No. 919**). On May 13, 2025, without any objections raised to the Presentence Report and after listening to the parties' allocutions, the Court imposed sentence. During the hearing, no objections were raised by the defendant to the sentence imposed. However, that same day, Mr. Colón-Crespo filed an objection to the sentence imposed, alleging disparity among similarly situated defendants[1]. (**ECF No. 1088**).

After careful consideration of the totality of circumstances presented by this case, applicable law, and the objections raised by Defendant, the Court finds that no sentencing disparity exists and that the sentence imposed is sufficient but not greater that necessary.

---

[1]  Defendant has not objected to the totality of the sentence imposed. He only objects to the imposition of two undischarged state murder sentences to be served consecutive to the federal sentence.

## II.    Sentencing Determination

During its allocution, and consistent with the plea agreement, defendant requested to be sentenced to 120 months of imprisonment and that the federal sentence run concurrently to state cases CV2021G0012 and CF2021G005, but consecutive to state cases CLA2021G0081 and CLA2021G0082. The court did not follow the entire parties' recommendation and proceeded to sentence Mr. Colón to 120 months of imprisonment to run consecutive to all state cases. The federal sentence was to be followed by a supervised release term of 10 years.

Consistent with the "specifically delineated roadmap" established by the federal sentencing guidelines, the Court began by establishing the guideline sentencing range. *United States v. Madera-Ortiz*, 637 F.3d 26, 29 (1st Cir. 2011). In this case, based on a total offense level of thirty-one (31) and a Criminal History Category of IV, the Court calculated a guideline sentencing range of 151 – 188 months, with a fine range of $30,000-$20,000,000, plus a supervised release term of at least 10 years. Next, the Court determined the appropriateness of any departures. *See Madera-Ortiz*, 637 F.3d at 29 (1st Cir. 2011). No departures were warranted under the guidelines.

The Court then weighed the sentencing factors set forth in 18 U.S.C. § 3553(a). As to the history and characteristics of Mr. Colón-Crespo, the Court took into consideration that he is a 40 year-old U.S. Citizen and a resident of Arecibo, PR; (**ECF No. 988 at 16 ¶ 66**); that he has six (6) dependents; (**ECF No. 988 at 4**); that he completed a 9th grade education and has never held a formal job; (**ECF No. 988 at 19 ¶ 81**); (**ECF No. 988 at 19 ¶ 85**); that he suffers from diabetes, high blood pressure, and fluid retention; (**ECF No. 988 at 18 ¶ 74**); that he has reported a history of an "unrecalled" mental health

condition, yet presently reports that he is mentally sound; (**ECF No. 988 at 18 ¶¶ 76–77**); that he has a reported a history of substance abuse, reporting that he consumes marijuana on a daily basis; (**ECF No. 988 at 18 ¶ 78**); and that this is Mr. Colón-Crespo's fourth known conviction. (**ECF No. 988 at 11–16**). As to the nature and circumstances of the offense, the Court took into consideration the fact that Mr. Colón-Crespo acted as an enforcer for the drug trafficking organization. (**ECF No. 988 at 9 ¶ 36**). As an enforcer, he was responsible for enforcing the instructions of the gang's leaders by using force when necessary to maintain the operation. (**ECF No. 988 at 9 ¶ 36**). Enforcers of the gang possessed and used firearms to protect the leaders and members of the drug trafficking organization, the narcotics, and the proceeds derived from their sales, and generally to further accomplish the goals of the conspiracy. (**ECF No. 988 at 8 ¶ 28**).

In addition, the Court took into consideration the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes by the defendant, and provide the defendant with correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(1)-(2). The Court also took into account the kinds of sentences available, the sentencing range established the Federal Sentencing Guidelines, and relevant policy statements under the Guidelines, as well as the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(4)-(6).

In this case, the Court determined that a downward variance was warranted as recommended by the parties. (**ECF No. 1071**). After taking into account the plea agreement between the parties, as well as all other factors under § 3553(a) addressed

above, the Court determined that a sentence of 120 months of imprisonment was reasonable.

As to the state sentences, in January 2025, Mr. Colón-Crespo was convicted in Arecibo Superior Court of four criminal offenses. In CVI2021G0012, he was convicted of murder and sentenced to fifteen (15) years of imprisonment. (**ECF No. 988 at 13-15**). In CFJ2021G0005, he was convicted of destroying evidence relating to that homicide: specifically, Defendant set fire to the body of his victim to destroy evidence of his crime. (**ECF No. 988 at 14**). For that offense, Defendant was sentenced to three years of imprisonment, to run concurrent to the sentence imposed in CVI2021G0012. (**ECF No. 988 at 13**). In CLA2021G0081, Defendant was convicted of discharging a firearm in a public space, for which crime he was sentenced to two (2) years of imprisonment. (**ECF No. 988 at 13-15**). Lastly, in CLA2021G0082, Defendant was convicted of unlawful transportation of a firearm, for which crime he was sentenced to ten years of imprisonment. (**ECF No. 988 at 14-15**). In total, Defendant must serve 27 consecutive years of imprisonment for these state-level offenses. These sentences are currently undischarged.

After careful consideration of all relevant factors set forth below, the Court imposed the 120-month sentence for the instant offense to run consecutively to all undischarged state-level offenses. In total, Defendant must serve 27 for the undischarged state level convictions, to be followed by 10 years for the instant offense, totaling 37 years of incarceration.

### III.    Objections to the Sentence

Mr. Colón's-Crespo's objection raises two arguments. First, Mr. Colón-Crespo objects to the Court's decision to depart from the recommendation of the parties in the

plea agreement by imposing sentence consecutive to state cases CVI2021G0012 and CF2021G005. (**ECF No. 1088 at 1 ¶ 2**). Second, Mr. Colón-Crespo objects to the sentence imposed on the grounds that it was purportedly disparate to the sentence imposed against his co-defendant Jonathan Robles Maldonado (14). (**ECF No. 1088 at 3 ¶ 5**). The Court will address each argument in turn.

### A. The imposition of sentence to run consecutively to the undischarged state-level terms of imprisonment

Unless a statute of conviction requires a consecutive sentence, district courts have discretion in deciding whether to impose sentence concurrently or consecutively to a prior undischarged term of imprisonment. *United States v. Perry*, 49 F.4th 33, 38 (1st Cir. 2022); *see also United States v. Carrasco-De-Jesús*, 589 F.3d 22, 27 (1st Cir. 2009) ("A sentencing court's choice between a consecutive or concurrent sentence with respect to a defendant who is subject to an undischarged state-court term of imprisonment is normally discretionary"). The Court possesses this discretionary authority regardless of whether the state court ordered the sentences to run consecutively or concurrently. *Setser v. United States*, 566 U.S. 231, 245 (2012). Here, because state-level offenses of conviction do not constitute "relevant conduct" to the instant offense – a conclusion Defendant does not dispute – "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *See* U.S. SENT'G GUIDELINES MANUAL § 5G1.3(d) cmt. n.1 (U.S. SENT'G COMM'N 2023) (hereafter "F.S.G. § 5G1.3").

Addressing the factors set forth in Application Note 4 to § 5G1.3 of the Federal Sentencing Guidelines Manual ("Application of Subsection (d)"), the Court considered the nature and circumstances of the Defendant's offense of conviction (large scale conspiracy

to possess with intent to distribute controlled substances), the history and characteristics of the Defendant enumerated above, including being an enforcer, the need for the sentence imposed to satisfy the factors set forth under § 3553(a)(2), the disturbing nature of the state-level convictions as described in the PSR (murder and firearms) which were violent in nature, entailing obstruction of justice and total disregard for the victim's dignity by setting into fire a car and the body of the victim, as well as exposing innocent bystanders to physical harm, additional criminal conduct involving possession and distribution of controlled substances as well as firearms not contemplated in his criminal history category as described in the PSR, the length of the undischarged state level sentences imposed against Defendant, the fact that the Defendant had not served any of the time imposed by those sentences, the fact that those undischarged sentences were imposed in state court rather than in federal court, the need to avoid sentencing disparities,[2] well as all the totality of circumstances presented by the case. *See* F.S.G. § 5G1.3 n.4. After carefully weighing all of these factors, the Court found that imposing sentence consecutive to each undischarged term of imprisonment imposed against Defendant in state court is reasonable. *United States v. Román-Díaz*, 853 F.3d 591, 598 (1st Cir. 2017) (noting that F.S.G. § 5G1.3(d) "cedes the sentencing court discretion to impose a sentence that runs concurrently with, partially concurrently with, or consecutively to the undischarged state term of imprisonment; provided, however, that the sentencing court considers the factors set out in 18 U.S.C. § 3553(a) and the applicable GSR.").

---

[2] *See infra* Section III.B.

To the extent that Defendant objects to the Court's decision to depart from the recommendations made by the parties by imposing sentence consecutive to all the undischarged state-level sentences, (**ECF No. 1088 at 1 ¶ 2**), it is black-letter law that the terms of a plea agreement are non-binding on the sentencing court. *See* Fed. R. Crim. P. 11(c)(3); *see also United States v. Vega-Salgado*, 769 F.3d 100, 103 (1st Cir. 2014) (noting that a plea agreement is not binding on the sentencing court).

Accordingly, the Court finds that imposition of sentence to run consecutively to the undischarged terms of imprisonment imposed at the state-level is most consistent with the factors set forth under F.S.G. § 5G1.3(d) n.4 and reasonable in light of the totality of circumstances presented by this case.

### B. The need to avoid unwarranted sentencing disparities.

Under 18 U.S.C. § 3553(a)(6), a sentencing court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See United States v. Demers*, 842 F.3d 8, 15 (1st Cir. 2016). This provision is "primarily concerned with national disparities," and Defendant raises no such objection to the sentence imposed. *United States v. Reverol-Rivera*, 778 F.3d 363, 366 (1st Cir. 2015). However, as Defendant argues here, in some cases a sentence may be "substantively unreasonable because of the disparity with the sentence given to a co-defendant. *Id.* at 366. Nevertheless, it must be stressed that "[n]ot all co-defendant disparities in sentencing yield a substantively unreasonable sentence." *United States v. Brown*, 26 F.4th 48, 69 (1st Cir. 2022). Instead, "[t]he key word is unwarranted – that is, § 3553(a)(6) does not ban all disparities, just unwarranted ones." *Id.* (quotations omitted). Therefore, while avoidance of disparities among co-defendants should be

considered, a party "is not entitled to a lighter sentence merely because his co-defendants received lighter sentences." *United States v. Wallace,* 573 F.3d 82, 97 (1st Cir.2009) (quoting *United States v. Marceau,* 554 F.3d 24, 33 (1st Cir.2009). Furthermore, "a defendant who attempts to brand a within-the-range sentence as unreasonable must carry a heavy burden." *United States v. Madera-Ortiz*, 637 F.3d 26, 30 (1st Cir. 2011). In this case, the burden Defendant must carry is heavier yet: the Court sentenced Mr. Colón-Crespo to a sentence of 120 months, a sentence below the guideline range, as recommended by the parties.

Mr. Colón-Crespo argues that the sentence imposed is disparate to the sentence previously imposed against his co-defendant, Jonathan Robles-Maldonado (14). The following chart notes the relevant factors at sentencing with respect to both Mr. Colón-Crespo and Mr. Robles-Maldonado:

| Sentencing Factors | Jonathan Robles-Maldonado (14) | Ramón Colón-Crespo (18) |
|---|---|---|
| Role in the Conspiracy | Enforcer | Enforcer |
| Offense of Conviction | 21 U.S.C. §§ 841(a)(1), 846, and 860. | 21 U.S.C. §§ 841(a)(1), 846, and 860. |
| Total Offense Level | 31 | 31 |
| Criminal History | V | IV |
| Guideline Sentencing Range | 168 months-210 months | 151 months – 188 months |
| Sentence imposed | 168 months[3] | 120 months |

---

[3]   Mr. Robles-Maldonado received credit for time-served (3 years, 9 months, and 25 days) in a federal case involving relevant conduct, as provided by the sentencing guidelines.. *See* 21-CR-205-(PAD).

| | | |
|---|---|---|
| State Cases | 1. CVI-2021-G18. Sentenced to 18 years of imprisonment to be served concurrently to the federal sentence.<br><br>2. CLA-2021-1609. Sentenced to 7 of imprisonment to be served consecutively to the federal sentence.<br><br>3. CLA-2021-1610. Sentenced to 15 of imprisonment to be served consecutively to the federal sentence. | 1. CVI-2021-G0012. Sentenced to 15 years to run concurrently with 3-year sentence imposed by CFJ2021G0005 and consecutively to the federal sentence.<br><br>2. CLA-2021-G0081. Sentenced to 2 years of imprisonment to run consecutively to the federal sentence.<br><br>3. C LA-2021-G0082. Sentenced to ten years of imprisonment to run consecutively to the federal sentence. |
| Total consecutive years undischarged terms of incarceration at the state-level | 22 years consecutive state-level sentences remain undischarged. | 27 years of consecutive state-level sentences remain undischarged. |
| Total aggregate undischarged state and federal terms of incarceration | 36 years of incarceration. | 37 years of incarceration. |

As to the sentences imposed for the instant offenses of conviction in this federal case, there is no significant disparity between the sentences imposed against Mr. Robles-

Maldonado and Mr. Colón-Crespo. In fact, the difference between the two sentences favors Mr. Colón-Crespo, who benefitted from a downward variance. There is therefore no "disparity" between Mr. Robles-Maldonado and Mr. Colón-Crespo that renders the sentence imposed against the latter substantively unreasonable.

What Defendant argues, however, is that he faces a "disparate" sentence because his sentence will be served consecutively to each of the undischarged state-level sentences imposed against him. Mr. Robles-Maldonado, on the other hand, will serve a sentence of 168 months concurrent to one undischarged state-level sentence in CVI2021G0018 and consecutive to other undischarged state-level sentences in CLA20216109 and CLA20216110. Yet Mr. Colón-Crespo and Mr. Robles-Maldonado will each – taking into account the state-level sentences they must serve consecutively to the sentences imposed by this court – serve almost exactly the same amount of time: Mr. Robles-Maldonado will serve 168 months consecutive to 22 years of incarceration for state-level offenses, and Mr. Colón-Crespo will serve 120 months consecutive to 27 years of incarceration for state-level offenses. In sum, Mr. Robles-Maldonado faces a total aggregate sentence of 36 years of incarceration, and Mr. Colón-Crespo faces a total aggregate sentence of 37 years of incarceration. There is therefore no significant "disparity" between the sentences imposed against Mr. Colón-Crespo and Mr. Robles-Maldonado. On the contrary, their sentences would only be disparate if Defendant were granted the relief he seeks: if the Court had adopted the recommendation made by the parties in the plea agreement, Mr. Colón-Crespo would serve a total of 22 consecutive years of incarceration, 14 years less than Mr. Robles-Maldonado. Instead, following the procedures set forth by the Federal Sentencing Guidelines, the Court found that adopting the parties' recommendation would result in disparate sentencing between Mr. Colón-Crespo and Mr. Robles-Maldonado. *Compare*

F.S.G. § 5G1.3(d) cmt. n.1 (providing that, when exercising its discretion as to whether the sentence imposed will run consecutively or concurrently to an undischarged state-level offense, the sentencing court should consider the factors set forth in 18 U.S.C. § 3584, which provides that the Court should consider 18 U.S.C. § 3553(a) factors, including the need to avoid disparate sentences) *with United States v. Reverol-Rivera*, 778 F.3d 363, 366 (1st Cir. 2015) (stating that in some cases a sentence may be "substantively unreasonable because of the disparity with the sentence given to a co-defendant.").

Accordingly, having taken into consideration the need to avoid disparity in sentencing, the Court finds that the sentence imposed is reasonable and not harsher than necessary and that the same addresses the particular circumstances of this case.

## IV. Conclusion

Considering the totality of the circumstances, the Court reiterates that the imposed sentence of 120 months of imprisonment to be served consecutively to the sentences imposed by the Arecibo Superior Court in CVI2021G0012, CFJ2021G0005, CLA2021G0081 and CLA2021G0082 is reasonable, not harsher that necessary, and creates no unwarranted sentencing disparities.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of May, 2025.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**